IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

AL R. AHNANGNATOGUK,

               Petitioner,

            v.

EARL HOUSER,

               Respondent.

Case No. 2:22-cv-00006-JMK

## ORDER OF DISMISSAL

On October 21, 2022, Al R. Ahnangnatoguk, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.[1] He has paid the filing fee (receipt # 100019661).

Mr. Ahnangnatoguk initially filed his Petition with the United States Court of Appeals for the Ninth Circuit at Case No. 22-70237.[2] The Ninth Circuit transferred Mr. Ahnangnatoguk's Petition to this Court on November 7, 2022, noting that it was "unclear whether Ahnangnatoguk is challenging the 2007 revocation of parole or whether he is challenging his current incarceration for assault in the first degree."[3] In a letter to the Court received on November 16, 2022, Mr. Ahnangnatoguk stated, "I am challenging the 2007 Dismissed Case (2NO-06-867cr)[.] This case is when I was incarcerated for 3 years on a dismissed case without Due Process of law by

---

[1] Docket 1.

[2] Docket 1.

[3] Docket 1 at 1–2. *See also* Fed. R. App. P. 22(a); 28 U.S.C. §§ 1631, 2241(b).

the AK State Parole Board."[4] With his filing, Mr. Ahnangnatoguk attached an inmate copy of the Notice of Dismissal from the State of Alaska trial court dismissing *State of Alaska v. Al Roby Ahnangnatoguk,* Case No. 2NO-06-00867CR, on January 18, 2007.[5] There is no record of the underlying criminal case, Case No. 2NO-06-00867CR, available for viewing under the State of Alaska's CourtView public access website.

The Court takes judicial notice[6] of Mr. Ahnangnatoguk's post-conviction proceedings at *Al Roby Ahnangnatoguk v. State of Alaska,* Case No. 2NO-07-00195CI, regarding the underlying criminal case, Case No. 2NO-06-00867CR. The Court also takes judicial notice of Mr. Ahnangnatoguk's other criminal and post-conviction relief cases,[7] including Case Nos. 2NO-13-00111CI (2013),[8] 2NO-

---

[4] Docket 3.

[5] Docket 3.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[7] The public record shows several more criminal cases, but these cases are remote in time (1991–1999). Therefore, the Court does not list them here. *See* https://records.courts.alaska.gov.

[8] Mr. Ahnangnatoguk petitioned for relief after a felony or misdemeanor conviction and sentencing in superior court. The case was dismissed by the Alaska Superior Court. There is no readily available public record of the underlying criminal case number. *See* https://records.courts.alaska.gov.

Case No. 2:22-cv-00006-JMK, *Ahnangnatoguk v. Houser*
Order of Dismissal
Page 2 of 8
Case 2:22-cv-00006-JMK   Document 6   Filed 02/27/23   Page 2 of 8

11-00534CR (2011),[9] 2NO-08-00946CR (2008),[10] 2NO-08-00225CI (2008),[11] 2NO-08-00082CI (2008),[12] 2NO-07-00195CI (2008),[13] 2NO-07-00141CI (2007),[14] and 2NO-00-00711CR (2000).[15]

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[16] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

---

[9] Mr. Ahnangnatoguk was convicted after a guilty plea for the indicted charge of Assault 1 – Serious Injury, Weapon (Class A Felony). *See* https://records.courts.alaska.gov.

[10] Mr. Ahnangnatoguk was convicted after a guilty plea for the charge of Assault in the 4th Degree-Recklessly Injure (Class A Misdemeanor). *See* https://records.courts.alaska.gov.

[11] Mr. Ahnangnatoguk petitioned for post-conviction relief after felony or misdemeanor conviction and sentencing in superior court. The case was dismissed by the Alaska Superior Court. There is no readily available public record of the underlying criminal case. *See* https://records.courts.alaska.gov.

[12] Mr. Ahnangnatoguk petitioned for post-conviction relief after felony or misdemeanor conviction and sentencing in superior court. The case was dismissed by the Alaska Superior Court. There is no readily available public record of the underlying criminal case. *See* https://records.courts.alaska.gov.

[13] Mr. Ahnangnatoguk petitioned for post-conviction relief after felony or misdemeanor conviction and sentencing in superior court. The Alaska Superior Court granted the application for post-conviction relief, the case was reopened, and then dismissed by the Alaska Superior Court. Upon appeal from the Alaska Court of Appeals at A-10210, the Superior Court issued its Order Upon Conclusion of Appeal. The case was closed on October 26, 2017. *See* https://records.courts.alaska.gov.

[14] Mr. Ahnangnatoguk petitioned for post-conviction relief after felony or misdemeanor conviction and sentencing in superior court. The case was dismissed or withdrawn. There is no readily available public record of the underlying criminal case. *See* https://records.courts.alaska.gov.

[15] Mr. Ahnangnatoguk was convicted after a plea of no contest for Assault – 2nd Degree (Felony Conversion) and Assault – 3rd Degree (Felony Conversion). *See* https://records.courts.alaska.gov.

[16] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.

Case No. 2:22-cv-00006-JMK, *Ahnangnatoguk v. Houser*
Order of Dismissal
Page 3 of 8
Case 2:22-cv-00006-JMK   Document 6   Filed 02/27/23   Page 3 of 8

in the district court, the judge must dismiss the petition."[17] Upon screening, it plainly appears that Mr. Ahnangnatoguk is not entitled to habeas relief pursuant to Section 2254 and his petition must be dismissed.

## DISCUSSION

Mr. Ahnangnatoguk alleges that the "State of Alaska Board of Parole Michael Stark, Parole OFC. Sandra Martinson remanded [him] into custody on Dec. 1[,] 2006 for 3 yrs. on a dismissed case. There was no indictment by a prosecuting authority." In his petition, Mr. Ahnangnatoguk includes several different case numbers. The first case number he lists is "2NO-500-00711."[18] This appears to be Mr. Ahnangnatoguk's criminal case, *State of Alaska v. Ahnangnatoguk,* at Case No. 2NO-00-00711CR (2000). He then lists Case No. 2NO-06-00867CR, which as noted above, appears to have been dismissed in January 2007.[19] Finally, he lists Appeals Court Case No. A-10210, and the underlying post-conviction relief at Superior Court Case No. 2NO-07-00195CI (2008).[20]

At Docket 1, Mr. Ahnangnatoguk included an inmate copy of an Order Revoking Parole on February 3, 2007 for Case No. "2NO-S00-00711" and

---

[17] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.

[18] Docket 1 at 3.

[19] Docket 1 at 3, 10.

[20] Docket 1 at 5.

Case No. 2:22-cv-00006-JMK, *Ahnangnatoguk v. Houser*
Order of Dismissal
Page 4 of 8
Case 2:22-cv-00006-JMK   Document 6   Filed 02/27/23   Page 4 of 8

continuing his case until April 30, 2007, and an inmate copy of the Alaska Board of Parole finding and Order Preliminary Revocation/Rescission Hearing dated December 1, 2006, without a referenced case number.[21] Mr. Ahnangnatoguk is seeking "[i]mmediate release from custody from AK State custody without mandatory parole with the compensation of 2 million Dollars per year; x 3 years."[22]

A.  Lack of Subject Matter Jurisdiction

A petitioner must be in custody to challenge his detention.[23] Because custody is a statutory jurisdictional issue, the Court may only consider a habeas petition if the petitioner was in custody at the time of the filing of the petition.[24] "To satisfy the custody requirement, petitioner must demonstrate that he is subject to a significant restraint upon his liberty not shared by the public generally."[25] However, a habeas petitioner does not remain "in custody" under a conviction "after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted."[26]

---

[21] Docket 1 at 21–23.

[22] Docket 1 at 18.

[23] *See* 28 U.S.C. § 2254(a).

[24] *See Maleng v. Cook,* 490 U.S. 488, 490–91 (1989) (per curiam).

[25] *Dow v. Circuit Court of the First Circuit,* 995 F.2d 922, 923 (9th Cir. 1993) (per curiam) (internal quotations and citations omitted).

[26] *Maleng,* 490 U.S. at 492.

Case No. 2:22-cv-00006-JMK, *Ahnangnatoguk v. Houser*
Order of Dismissal
Page 5 of 8
Case 2:22-cv-00006-JMK   Document 6   Filed 02/27/23   Page 5 of 8

Accepting Mr. Ahnangnatoguk's assertion at Docket 3 that he is bringing his Section 2254 petition based on State of Alaska Case No. 2NO-06-00867CR, the Court lacks jurisdiction over this petition because Mr. Ahnangnatoguk is not "in custody pursuant to the judgment of a State Court" for Alaska Case No. 2NO-06-00867CR as required by Section 2254.[27] Because that case was dismissed in January 2007 and any confinement, including parole, related to the underlying criminal case upon which Mr. Ahnangnatoguk is seeking relief, has expired, he is not "in custody pursuant to" the dismissed Alaska case he is challenging for purposes of Section 2254.[28] Therefore, this Court lacks jurisdiction to address Mr. Ahnangnatoguk's Section 2254 petition as it relates to Alaska Case No. 2NO-06-00867CR.

B.  Failure to Exhaust State Court Remedies

Mr. Ahnangnatoguk specifically challenges Alaska Case No. 2NO-06-00867CR (2007), but may still be incarcerated due to a parole revocation in Case No. 2NO-S00-00711 (2000)[29] and has also had subsequent criminal charges as noted above. A prisoner that is in custody based on a state court conviction may not bring a Section 2254 petition prior to exhausting his state court remedies.[30]

---

[27] 28 U.S.C. § 2254(a).

[28] *Wright v. State of Alaska,* 47 F.4th 954, 959 (9th Cir. 2022) (Petitioner was not "in custody" as the result of his state conviction after completing his sentence and probation.).

[29] Mr. Ahnangnatoguk's attached exhibits include documents from the Alaska Board of Parole stating his parole was revoked in Case No. 2NO-00-711. Docket 1 at 20–23.

[30] 28 U.S.C. § 2254(b)(1).

Case No. 2:22-cv-00006-JMK, *Ahnangnatoguk v. Houser*
Order of Dismissal
Page 6 of 8
Case 2:22-cv-00006-JMK   Document 6   Filed 02/27/23   Page 6 of 8

Exhaustion of state remedies requires the petitioner to fairly present the federal claims to the state courts in order to give the state the opportunity to pass upon and correct any alleged violations of its prisoners' federal rights.[31] To satisfy the "fairly present" requirement, the petitioner must present his federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim.[32]

In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim must then be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim must be raised in a petition for hearing to the Alaska Supreme Court.[33] This process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[34]

In the event Mr. Ahnangnatoguk should elect to challenge his current incarceration, the Court notes that he does not appear to have challenged his other criminal convictions based upon readily available public information. Because

---

[31] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium).

[32] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (relying on *Duncan*, 513 U.S. at 365–66.).

[33] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845. In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[34] *See* 28 U.S.C. § 2254(c); see also *O'Sullivan*, 526 U.S. at 844–45. *See generally* Alaska R. Crim. P. 35.1.

Case No. 2:22-cv-00006-JMK, *Ahnangnatoguk v. Houser*
Order of Dismissal
Page 7 of 8
Case 2:22-cv-00006-JMK   Document 6   Filed 02/27/23   Page 7 of 8

Mr. Ahnangnatoguk has not exhausted his state court remedies, his habeas petition under 28 U.S.C. § 2254 cannot proceed at this time in this Court.

**IT IS THEREFORE ORDERED**:

1. The Petition under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** for lack of jurisdiction regarding Alaska Superior Court Case No. 2NO-06-00867CR.

2. Before bringing a petition regarding his current incarceration, Mr. Ahnangnatoguk must exhaust his state court remedies.

3. Any pending motions are **DENIED AS MOOT**.

4. A Certificate of Appealability shall not issue.[35]

5. The Clerk of Court is directed to enter a Final Judgment and terminate this action.

DATED this 27th day of February, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
UNITED STATES DISTRICT JUDGE

---

[35] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 2:22-cv-00006-JMK, *Ahnangnatoguk v. Houser*
Order of Dismissal
Page 8 of 8
Case 2:22-cv-00006-JMK   Document 6   Filed 02/27/23   Page 8 of 8